UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Charles Cathcart, | ) C/A No.:2:10-2534-DCN-RSC |
|---|---|
| Appellant, | ) |
| vs. | ) |
| Kevin Campbell, Trustee, | ) |
| | ) Report and Recommendation |
| Appellee, | ) |

This appeal, by Charles Cathcart (Appellant), from an Order issued by the United States Bankruptcy Court for the District of South Carolina, is before the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636. Appellant seeks review of a Bankruptcy Court Order issued on July 19, 2010, which directs the United States Marshal to take the Appellant into custody and present him before the Court. See Docket Entry No. 3-26. The Order allows Appellant, prior to being apprehended, to give "at least seven (7) days notice of his intent to voluntarily appear" before the Court. Id. at page 11.

While final orders of the Bankruptcy Court are appealable to the District Court pursuant to 28 U.S.C. § 158(a)(1), interlocutory orders and decrees of the Bankruptcy Court generally require leave of the Court for such appellate review. 28 U.S.C. § 158(a)(3). The determination of "[w]hat constitutes a final judgment in a bankruptcy proceeding is more forgiving that the standard [which applies] to civil proceedings under 28 U.S.C. § 1291," however,

"[a]s a general rule, a final judgment under 28 U.S.C. § 1291 is one which ends the litigation . . . and leaves nothing for the court to but execute the judgment." *In re Rood*, 426 B.R. 538, 546 (D.Md.2010)(citations omitted). "An interlocutory order, by contrast, is 'one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits.'" *Id.* (citing *In re Hebb*, 53 B.R. 1003, 1005 (D. Md. 1985)). The Order challenged in the instant action does not determine a cause of action. Rather, it is an interlocutory order which decides an intervening matter pertaining to the cause, namely, making Appellant available to the Court for examination. As such, the hearing of Appellant's appeal by this Court requires "leave of court" and is discretionary. *In re Swann Limited Partnership*, 128 B.R. 138, 139 (D. Md. 1991).

It does not appear that the Appellant in this case filed a motion for leave to appeal the Bankruptcy Court's decision as required by 28 U.S.C. § 158(a)(3). *See also* Fed. R. Bankr. P. Rule 8001(b). However, when an "appellant fails to file the required motion but files a timely notice of appeal, Rule 8003(c) requires the district court to . . . (1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appal as a motion for leave to appeal." *In re Poor*, Civil No. 1:07cv247, 2008 WL 3925268

2

at *2 (W.D.N.C. Aug. 21, 2008)(quoting *In re Faragalla*, 422 F.3d 1208, 1211 (10th Cir. 2005)). In the present case, Appellant filed his notice of appeal with the Bankruptcy Court, as required by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, within fourteen (14) days of the issuance of the order directing the U.S. Marshal to take him into custody,. Therefore, the undersigned will consider Appellant's timely filed notice of appeal as a motion for leave to appeal an interlocutory order.

District courts employ an analysis pursuant to 28 U.S.C. § 1292(b) when deciding whether to grant leave to appeal an interlocutory order. *In re Swyter*, 263 B.R. 742, 749 at n.5 (E.D. Va. 2001). Under this analysis, "leave to file an interlocutory appeal should be granted only when 1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996)(citations omitted). In addition, "the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D.Va. 2000)(citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

In the instant action, the Order involved clearly involves no question of controlling law. Further, it appears that the Order, directing Appellant to be brought before the Bankruptcy Court for examination, has been made to advance termination of the litigation, and appeal of that Order is counterproductive of that effort. Additionally, as the Order allows Appellant to avoid being taken into custody by giving seven days notice of his intent to voluntarily appear before the Bankruptcy Court, "exceptional circumstances," sufficient to justify appellate review prior to entry of a final judgment, do not exist. Therefore, it is recommended that leave to appeal the Bankruptcy Court Order be denied.

## Conclusion

Accordingly, it is recommended that the District Court deny Appellant leave to appeal the Bankruptcy Court Order and dismiss the instant action.

/s/ Robert S. Carr
Robert S. Carr
United States Magistrate Judge

October 12, 2010
Charleston, South Carolina

*Appellant's attention is directed to the important notice on the next page.*

4

# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).